sentence is approved and will be executed. Under Article 71(c)(1), UCMJ, a punitive discharge cannot be ordered executed until, after the completion of direct appellate review, there is a final judgment as to the legality of the proceedings. Thus, to the extent that the convening authority's action purported to execute the dishonorable discharge, it was a nullity. To avoid any error in this regard, we again suggest that the model Forms for Action in the Manual for Courts–Martial, United States app. 16 at A16–1 – A16–6 (2008 ed.) be revised. *See United States v. Karras*, 70 M.J. 25 (C.A.A.F. 2011); *United States v. Politte*, 63 M.J. 24, 26 n.11 (C.A.A.F. 2006). Accordingly, it is ordered that said petition is hereby granted, and that, subject to the above, the decision of the United States Navy–Marine Corps Court of Criminal Appeals is affirmed. [See also ORDERS GRANTING PETITION FOR REVIEW this date.]

No. 12–0285/AR. U.S. v. Benjamin M. Ackman. CCA 20090615. Review granted on the following issue:

WHETHER SPECIFICATION 1 OF CHARGE II FAILS TO STATE AN OFFENSE BECAUSE IT DOES NOT EXPRESSLY ALLEGE OR NEC-ESSARILY IMPLY THE TERMINAL ELEMENT OF ARTICLE 134, UCMJ.